# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| David Van Tuyl ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Performant Recovery, Inc., ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, David Van Tuyl, is a natural person who resides in Forsyth County, Georgia.

2. Defendant, Performant Recovery, Inc., is a corporation authorized to do business in Georgia. Defendant may be served with process via its registered

agent, Legalinc Corporate Services, Inc., at 1870 The Exchange, Suite 200, #44, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains an agent for service in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. On or around June, 2004, the Plaintiff received a loan from Citibank, N.A., or one of its subsidiaries.

8. This loan was utilized by the Plaintiff for moving expenses and other individual and ordinary purposes.

9. Plaintiff is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff defaulted on that loan in 2009.

11. Following his default, the loan was purchased by or assigned to United Guaranty Comm Insurance Company of North Carolina (hereinafter referred to as "United"). United is a corporation organized under the laws of North Carolina. A significant portion of its business is the acquisition and collection, for its own benefit, of defaulted consumer loans.

12. On January 1st, 2017, the Plaintiff filed for protection under Chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Georgia, Gainesville Division.  His case was assigned No. 17-20002-JRS.

13. United was scheduled as an unsecured creditor in the Plaintiff's bankruptcy of 2017.  It received notice of the filing and of the Plaintiff's discharge, the latter being ordered on May 7th, 2017.

14. Neither United nor any other creditor objected to the Plaintiff receiving a discharge of all debts scheduled in his bankruptcy.

15. In 2020, United engaged the services of the Defendant to act as its collection agent for the debt it obtained from Citibank.

16. Defendant is a collection agency specializing in the collection of consumer debt.

17. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

18. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

19. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. On August 26th and August 27th, 2000 Performant caused to be sent to the Plaintiff letters seeking collection of $13,318.53 on behalf of United. The letters indicated that this amount was subject to increase due to the application of interest and other charges that would occur on a daily basis. Reproductions of these letters are filed herewith as Exhibits 1 and 2.

21. Defendant's letters of August 2020 each contain the following language (highlighted for ease of reference),

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. <mark>If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or</mark> obtain a copy of a judgment <mark>and mail you a copy of such judgment or verification.</mark> If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

22. On September 2nd, the Plaintiff contacted Defendant regarding its collection letters at which time he spoke to an individual identifying herself as "Stella Herron."

23. During the conversation, the Plaintiff advised the Defendant that he disputed the debt referenced in Defendant's letters and, further, advised Defendant that the debt had been discharged in his bankruptcy. The Plaintiff requested that the Defendant forward to him the original promissory note referencing the debt in collection. Ms. Herron indicated that he would receive that note within 15 days.

24. On September 3rd, 2020 Defendant caused to be mailed to the Plaintiff two different letters each collecting the same United debt described herein. Reproductions of these letters are filed herewith as Exhibits 3 and 4.

25. The communications seeking collection on September 3rd were made after the Defendant had actual knowledge of the account being subject to a discharge in bankruptcy.

26. On September 22nd, 2020, the Plaintiff sent a letter to the Defendant addressed to Ms. Herron's attention. In this letter, he again disputed the debt in collection and attached copies of the bankruptcy documents showing the order of discharge and United's notice of service of both the filing and the discharge. A reproduction of this letter is filed herewith as Exhibit 5.

27. Plaintiff's letter of September 22nd triggered the Defendant's obligation to provide Plaintiff with verification of the debt.

28. To date, the Plaintiff has never received the promissory noted as promised by Defendant or any other documentation evidencing the debt per his written dispute .

### INJURIES-IN-FACT AND DAMAGES

29. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

30. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

31. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

32. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b.) Being subjected to unlawful collection activities on a discharged debt;

   c.) Being unable to evaluate the disputed debt and, particularly, the accumulation of interest;

   d.) Hindering Plaintiff's ability to prioritize debt payments to other creditors;

   e.) Uncompensated time expended away from work and/or activities of daily living to respond to Defendant's collection efforts and to confer with counsel;

   f.) Monetary damages for copying and mailing of bankruptcy documents and dispute letter to Defendant;

g.) Disturbance of the Plaintiff's peace and his right to be free of collection communications from the Defendant;

h.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

33. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

36. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38. Defendant's communications of September 3rd (Exhibits 3 & 4) violated the discharge injunction provided by 11 U.S.C. §524 and were therefore unlawful and a violation of 15 U.S.C. § 1692e, 1692e(5), and 1692e(10).

39. Defendant's representations or implications that the debt continues or could continue to accrue interest was objectively false and materially misleading and a violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

40. Defendant's representations or implications that the debt was in any way subject to collection was a violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

41. Defendant's promise to provide the Plaintiff with a copy of original promissory note within 15 days of their conversation of September 2nd, 2020 was objectively false and materially misleading and a violation of 15 U.S.C. § 1692e, and 1692e(10).

42. Defendant's pledge to produce verification of the debt after Plaintiff's written dispute, as contained in the August letters (Exh. 1 & 2), was objectively false and materially misleading and a violation of 15 U.S.C. § 1692e, and 1692e(10).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

46. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49. Defendant's conduct has implications for the consuming public in general.

50. Defendant's conduct negatively impacts the consumer marketplace.

51. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of July, 2021.

[Signatures follow]

**BERRY & ASSOCIATES**

<u>*/s/ Matthew T. Berry*</u>
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*